IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANA MARIE SNYDER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 20-12 |
| | ) |
| ANDREW SAUL, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

O R D E R

AND NOW, this 29th day of March, 2021, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision denying Plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. § 1381 et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. § 405(g); Biestek v. Berryhill, 139 S. Ct. 1148, 1153-54 (2019); Jesurum v. Secretary of U.S. Dep't of Health & Human Servs, 48 F.3d 114, 117 (3d Cir. 1995) (citing Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988)). See also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it

would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1]   Plaintiff raises a number of arguments, but primarily contends that the Administrative Law Judge ("ALJ") erred in failing to find that her fibromyalgia was a medically determinable impairment and that the ALJ inadequately considered her fibromyalgia, as well as her seizure disorder and migraine headaches, in formulating her residual functional capacity ("RFC") and the hypothetical question to the vocational expert at Steps Four and Five of the sequential analysis. The Court finds no merit in Plaintiff's contentions and finds that substantial evidence supports the ALJ's decision that Plaintiff is not disabled.

Central to Plaintiff's argument is that the ALJ incorrectly determined that her fibromyalgia did not constitute a medically determinable impairment pursuant to the criteria set forth in Social Security Ruling 12-2p, 2012 WL 3104869 (S.S.A.). This ruling provides ALJs with guidance in determining whether a claimant's alleged fibromyalgia is sufficiently supported in the record to be considered a medically determinable impairment. Pursuant to S.S.R. 12-2p, the ALJ is not to simply rely on a physician's diagnosis of fibromyalgia alone, but rather must determine also whether there is evidence meeting one of two sets of criteria (Sections II.A and II.B) and whether the physician's diagnosis is consistent with the other record evidence. See id. at *2. As the ALJ pointed out in her decision, Plaintiff satisfied neither the criteria set forth in Section II.A nor that in II.B because there was no evidence demonstrating that other disorders that could cause the symptoms or signs of the alleged fibromyalgia were excluded, that Plaintiff suffered from widespread pain throughout all quadrants of the body, or that she suffered from six or more fibromyalgia symptoms, signs, or co-occurring conditions. (R. 17). See S.S.R. 12-2p at **2-3.

Plaintiff does not really address these findings, but rather asserts that Einat Rabinovich, M.D., pursuant to an October 31, 2017 examination, found that all 18 pressure points were positive (R. 433-45), providing the needed diagnostic evidence to satisfy the Ruling. However, a finding of positive tender points is just one of several required findings under both Sections II.A and II.B of S.S.R. 12-2p. The ALJ specifically acknowledged the findings regarding Plaintiff's tender point examination (R. 17), but found that regardless of those findings, the other factors required by S.S.R. 12-2p had not been met. Substantial evidence supports this determination. Indeed, Dr. Rabinovich, the only physician providing any findings regarding fibromyalgia, while she did find 18 positive trigger points, did not make any findings regarding the other S.S.R. 12-2p factors. The ALJ did not "reject" Dr. Rabinovich's findings, but rather correctly found that they did not satisfy the requisite conditions to establish fibromyalgia as a medically determinable impairment. In fact, the ALJ found Dr. Rabinovich's opinion to be "not persuasive" in part because it was not restrictive enough. (R. 23).

The RFC formulated by the ALJ was in some ways more restrictive than that to which Dr. Rabinovich opined (R. 19-20, 23), and, contrary to Plaintiff's contentions, it accounted for her neurological issues, including her complaints of seizures and migraines. (R. 21-22). The ALJ discussed the basis for her findings thoroughly and explained how they

supported her RFC determination.  The ALJ noted that the many tests and images of Plaintiff's neurological system were generally unremarkable and not consistent with the debilitating level of symptoms to which Plaintiff testified.  (R. 21).  She also discussed how the various treatment notes were inconsistent with Plaintiff's testimony, including the fact that health care providers questioned the neurological basis of the seizures.  (Id., citing Exs. 13F, 23F).  She further weighed all of the opinion evidence in the record.  (R. 23-25).  Plaintiff, in arguing that this discussion was insufficient, essentially just points to evidence that she argues leads to a contrary conclusion.  However, if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently.  See Monsour Med. Ctr. v. Heckler, 806 F.2d 1185, 1190-91 (3d Cir. 1986); Berry, 738 F. Supp. at 944 (citing Cotter, 642 F.2d at 705).  "The presence of evidence in the record that supports a contrary conclusion does not undermine the [ALJ's] decision so long as the record provides substantial support for that decision."  Malloy v. Comm'r of Soc. Sec., 306 Fed. Appx. 761, 764 (3d Cir. 2009).  Here, more than substantial evidence supports the ALJ's determination, as she herself discussed at length.

Plaintiff also suggests that her fibromyalgia met the requirements of Listing 14.09D, 20 C.F.R. Part 404, Subpart P, Appendix 1, at Step Three of the sequential analysis.  She does not, however, explain how she meets the specific requirements for that listing.  As noted, the ALJ discussed Plaintiff's allegations of fibromyalgia at Step Two of her analysis.  While she did not expressly discuss Listing 14.09D during her Step Three analysis, there was no need for her to do so under these circumstances.  See Browner v. Berryhill, No. CV 16-6237, 2018 WL 3031516, at *7 (E.D. Pa. June 19, 2018) (stating that "SSR 12-2P does not mandate an ALJ to consider fibromyalgia as medically equal to inflammatory arthritis; it merely *suggests* the listing as one example against which fibromyalgia may be considered"); Zavattaro v. Saul, No. 2:18-CV-3362, 2020 WL 6797138, at *8 (D. N.J. Nov. 19, 2020).

To the extent that Plaintiff argues that the ALJ gave insufficient consideration to her testimony about the pain and limiting effects caused by her fibromyalgia, seizures, and migraines, the Court notes that, as a general matter, when an ALJ has articulated reasons supporting a credibility determination, that determination is afforded significant deference.  See Horodenski v. Comm'r of Soc. Sec., 215 Fed. Appx. 183, 188-89 (3d Cir. 2007); Reefer v. Barnhart, 326 F.3d 376, 380 (3d Cir. 2003).  Here, the Court finds that there was sufficient evidence to support the ALJ's findings regarding the veracity of Plaintiff's subjective complaints.

Accordingly, for all of the reasons set forth herein, the Court finds that substantial evidence supports the ALJ's decision and therefore affirms.

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (document No. 9) is DENIED and that Defendant's Motion for Summary Judgment (document No. 11) is GRANTED.

<u>s/Alan N. Bloch</u><br>
United States District Judge

ecf:      Counsel of record